SHOWA LAW OFFICE, LLLC

ANDREW DAISUKE STEWART   7810-0
735 Bishop Street
Suite 318
Honolulu, Hawaii 96813
Tel. (808) 772-9297/Fax. 1 (866) 772-9407
Attorney for Plaintiffs
ICHIRO ENMOTO, in his individual capacity and as next of friend for RYOICHI ENOMOTO, a minor and YURIKO ENOMOTO, in her individual capacity

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ICHIRO ENOMOTO, in his individual capacity and as next of friend for RYOICHI ENOMOTO, a minor; YURIKO ENOMOTO, in her individual capacity,<br><br>Plaintiffs,<br><br>vs.<br><br>FOUR SEASONS HOTELS LIMITED, a Canada Corporation; HUALALAI INVESTORS, LLC, a Delaware Limited Liability Company (d.b.a. "Hualalai Golf Club" and "Hualalai Resort"); MATT HASEGAWA (a.k.a. "Mathew Hasegawa"); DOE DEFENDANTS 1 - 10; DOE CORPORATE ENTITIES  1- 10,<br><br>Defendant. | Civil No. 19-652<br><br><br><br><br><br>COMPLAINT; SUMMONS; JURY DEMAND |

## **COMPLAINT**

Comes now Plaintiffs ICHIRO ENOMOTO, in his individual capacity and as next of friend for RYOICHI ENOMOTO and YURIKO ENOMOTO through their attorney, SHOWA LAW OFFICE, LLLC, and hereby files this Complaint, and alleges and avers the following causes of action against FOUR SEASONS HOTELS LIMITED, a Canada Corporation; HUALALAI INVESTORS, LLC, a Delaware Limited Liability Company (d.b.a. "Hualalai Golf Club" and "Hualalai Resort"); MATT HASEGAWA (a.k.a. "Mathew Hasegawa"); DOE DEFENDANTS 1 - 10; and DOE CORPORATE ENTITIES 1- 10

## **THE PARTIES**

1. Plaintiff ICHIRO ENOMOTO (hereinafter "Ichiro") is and was at all times relevant a citizen and resident of Japan and the biological father of RYOICHI ENOMOTO.

2. YURIKO ENOMOTO (hereinafter "Yuriko"), is and was at all times relevant a citizen and resident of Japan and the biological mother of RYOICHI ENOMOTO.

3. RYOICHI ENOMOTO (hereinafter "Ryoichi"), a minor, is and was at all times relevant a citizen and resident of Japan and the biological child of Ichiro and Yuriko.

4. Defendant FOUR SEASONS HOTELS LIMITED (hereinafter "Defendant Four Seasons") is a corporation incorporated under the laws of Canada and registered to do business in the State of Hawai'i.

5. Defendant HUALALAI INVESTORS, LLC (hereinafter "Defendant Hualalai Investors"), is a limited liability company organized under the laws of the State of Delaware and registered to do business in the State of Hawai'i and is the registrant of the tradenames "Hualalai Golf Club" and "Hualalai Resort".

6. Defendant MATT HASEGAWA (a.k.a. "Matthew Hasegawa") (hereinafter "Defendant Hasegawa") is a resident of the County of Hawaii, State of Hawaii, and, upon information and belief, an employee of Defendant Four Seasons, Defendant Hualalai Investors, and/or one of the DOE DEFENDANTS referenced below.

7. DOE DEFENDANTS 1 – 10 and DOE CORPORATE ENTITIES 1- 10 (collectively referred to herein as "DOE DEFENDANTS" or "other presently unidentified Defendants") are sued herein under fictitious names for the reason that their true names and identities are presently unknown to Plaintiffs except that they are connected in some manner with Defendants or were

the agents, principals, partners, officers, directors, members, servants, employees, employers, representatives, co-venturers, associates, consultants, vendors, suppliers, manufacturers, subcontractors, contractors, sureties, insurers, owners, lessees, sublessees, lessors, guarantors, assignees, assignors, licensees or licensors of Defendants or were in some manner presently unknown to Plaintiffs, engaged in the activities alleged herein, or were in some manner responsible for the injuries and damages to Plaintiff, or conducted some activity or activities in a negligent or wrongful manner which was a proximate cause of the injuries and damages to Plaintiff, and Plaintiff prays for leave to certify the true names, identities, capacities, activities, and responsibilities of DOE DEFENDANTS when the same are ascertained.

## JURISDICTIONAL STATEMENT

8. This Honorable Court has jurisdiction over the subject matter of the within action pursuant to 28 U.S.C. Section 1332. The amount in controversy is in excess of $75,000. Venue is appropriate in the District Court of the District of Hawaii pursuant to 28 U.S.C. Section 1391.

## FACTUAL ALLEGATIONS

9. The events giving rise to this Complaint occurred on or about May 3, 2019.

10. Ichiro and Yuriko, along with their two minor sons, Kazutora and Ryoichi, were guests at the Four Seasons Resort Hualalai (hereinafter the "Resort") on the Island of Hawaii owned, managed, and/or operated by Defendant Four Seasons and/or Defendant Hualalai Investors.

11. Ichiro's brother-in-law, Ryo Hotta, M.D. (hereinafter "Dr. Hotta"), his wife, Yoko Hotta, along with their minor son Daigo Hotta were also guests at the Resort.

12. On May 3, 2019, Dr. Hotta, Daigo, Kazutora, and Ryoichi enrolled in a golf clinic through the Hualalai Golf Club (hereinafter the "Golf Club") owned, managed, and/or operated by Defendant Four Seasons and/or Defendant Hualalai Investors.

13. Dr. Hotta, Daigo, Kazutaro, and Ryoichi were all enrolled in the golf clinic as "participants" or "students".

14. Fee for the golf clinic was invoiced to Dr. Hotta's room at the Resort.

15. Defendant Hasegawa was the instructor assigned to instruct and supervise Dr. Hotta, Kazutora, Daigo, and Ryoichi.

16. Prior to the start of the golf clinic, Dr. Hotta informed Defendant Hasegawa that Daigo, Kazutora, and Ryoichi were all first-timers.

17. Nobody, including but not limited to, Defendant Hasegawa, asked, requested, or instructed Dr. Hotta at any time to supervise or observe Daigo, Kazutora, and/or Ryoichi during the golf clinic.

18. Nobody, including but not limited to, Defendant Hasegawa, provided any written or verbal safety instructions to the participants of the golf clinic either prior to or during the golf clinic.

19. At approximately 8:25 a.m. on May 3, 2019, Dr. Hotta, Daigo, Kazutora, and Ryoichi met Defendant Hasegawa at the Golf Pro Shop located on the premises of the Resort and/or the Golf Club.

20. At approximately, 8:30 a.m., Defendant Hasegawa commenced the golf clinic on the practice area located on the premises of the Resort and/or the Golf Club.

21. Between 8:30 a.m. and 9:00 a.m., Defendant Hasegawa conducted practice using a #7 iron club.

22. At approximately 9:00 a.m., Defendant Hasegawa conducted practice using driver clubs.

23. At approximately 9:15 a.m., Defendant Hasegawa directed Daigo and Ryoichi to check each other's swing without any specific instructions, including but not limited to, safety instructions.

24. Immediately after directing Daigo and Ryoichi to check each other's swing, Defendant Hasegawa turned his back on Daigo and Ryoichi and proceeded to attend to Kazutora.

25. At approximately 9:23 a.m., Ichiro and Yuriko arrived to observe the golf clinic and Dr. Hotta walked towards them to greet them.

26. Shortly after Ichiro and Yuriko arrived, Daigo's golf club struck Ryoichi in the head causing significant head trauma and injury.

27. Ichiro and Yuriko either observed Ryoichi getting struck in the head and/or witnessed his injuries shortly thereafter.

28. The premises where the golf clinic was being conducted contained no warning signs.

## COUNT I

## (NEGLIGENCE)

29. Plaintiffs repeat and reallege the allegations set forth in the above paragraphs as though fully set forth herein.

30. As Ryoichi and Daigo's golf instructor, Defendant Hasegawa owed a legal duty to observe, instruct, supervise, and/or protect Ryoichi and Daigo during the golf clinic.

31. Defendant Hasegawa breached his legal duty to observe, instruct, supervise and/or protect Ryoichi and Daigo during the golf clinic.

32. As a proximate cause of Defendant Hasegawa's negligence, Ryoichi sustained injuries to his person and suffered special and general damages in amounts to be proven at trial.

33. Defendant Hasegawa is personally and individually liable for injuries sustained by Ryoichi.

34. Defendant Four Seasons and/or Defendant Hualalai Investors is/are vicariously liable for injuries sustained by Ryoichi, arising out of Defendant Hasegawa's negligence, pursuant to the doctrine of *respondent superior* as Defendant Hasegawa was an employee, or in the alternative, an actual or

apparent agent of Defendant Four Seasons and/or Defendant Hualalai Investors

## COUNT II

## (NEGLIGENT HIRING)

35. Plaintiffs repeat and reallege the allegations set forth in the above paragraphs as though fully set forth herein.

36. As the employer for Defendant Hasegawa, Defendant Four Seasons and/or Defendant Hualalai Investors owed a legal duty towards its guests and/or golf clinic participants/students to ensure that Defendant Hasegawa was sufficiently experienced and qualified to provide golf instructions to minors if that was part of his job duties and/or description.

37. By hiring Defendant Hasegawa to provide golf instructions to minors, Defendant Four Seasons and/or Defendant Hualalai Investors breached its duty to Ryoichi

38. As a proximate cause of Defendant Four Seasons and/or Defendant Hualalai Investors' negligent hiring, Ryoichi sustained injuries to his person and suffered special and general damages in amounts to be proven at trial.

## COUNT III

## (NEGLIGENT TRAINING)

39. Plaintiffs repeat and reallege the allegations set forth in the above paragraphs as though fully set forth herein.

40. Regardless of Defendant Hasegawa's capacity as an employee, agent, or independent contractor, Defendant Four Seasons and/or Defendant Hualalai Investors owed a legal duty towards its guests and/or golf clinic participants/students to ensure that Defendant Hasegawa was sufficiently trained to provide golf instructions to minors on the premises, grounds, and/or facilities owned, operated, and/or managed by them.

41. By failing to train or sufficiently train Defendant Hasegawa in order to have the requisite skill, knowledge, and experience to provide golf instructions to minors, Defendant Four Seasons and/or Defendant Hualalai Investors breached its duty to Ryoichi.

42. As a proximate cause of Defendant Four Seasons and/or Defendant Hualalai Investors' negligent training, Ryoichi sustained injuries to his person and suffered special and general damages in amounts to be proven at trial.

## COUNT IV

## (NEGLIGENT FAILURE TO WARN)

43. Plaintiff repeats and realleges the allegations set forth in the above paragraphs as though fully set forth herein.

44. Defendant Hasegawa, Defendant Four Seasons, and/or Defendant Hualalai Investors owed a legal duty towards its guests and/or golf clinic participants/students to warn them about the potential dangers associated with participating in a golf clinic, especially as it pertains to minors.

45. Defendant Hasegawa breached his duty to warn Ryoichi and Daigo about the potential dangers associated with participating in a golf clinic by failing to provide any written or verbal warning.

46. Defendant Four Seasons and/or Defendant Hualalai Investors is/are vicariously liable for injuries sustained by Ryoichi, arising out of Defendant Hasegawa's negligent failure to warn, pursuant to doctrine of *respondent superior* as Defendant Hasegawa was an employee, or in the alternative, an actual or apparent agent of Defendant Four Seasons and/or Defendant Hualalai Investors

47. Defendant Four Seasons and/or Defendant Hualalai Investors breached its duty to warn Ryoichi and Daigo about the potential dangers associated with participating in a golf clinic by failing to post signs in English and/or Japanese on the premises owned, operated, and/or managed by them.

48. As a proximate cause of Defendant Hasegawa, Defendant Four Seasons and/or Defendant Hualalai Investors' failure to warn, Ryoichi sustained injuries to his person and suffered special and general damages in amounts to be proven at trial.

## COUNT V

**(NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS)**

49. Plaintiffs repeat and reallege the allegations set forth in the above paragraphs as though fully set forth herein.

50. As a proximate cause of the aforementioned negligence conduct by Defendant Hasegawa, Defendant Four Seasons and/or Defendant Hualalai Investors, which caused physical injury to Ryoichi's person, Ichiro, Yuriko, and Ryoichi suffered serious emotional distress.

51. Defendant Hasegawa, Defendant Four Seasons and/or Defendant Hualalai Investors' aforementioned negligent conduct

was the proximate cause for Ichiro, Yuriko, and Ryoichi's serious emotional distress.

52. As a proximate cause of Defendant Hasegawa, Defendant Four Seasons and/or Defendant Hualalai Investors' Ichiro, Yuriko, and Ryoichi suffered general damages in amounts to be proven at trial.

## COUNT VI
## (LOSS OF CONSORTIUM)

53. Plaintiffs repeat and reallege the allegations set forth in the above paragraphs as though fully set forth herein.

54. As a direct and proximate result of the Defendant Hasegawa, Defendant Four Seasons and/or Defendant Hualalai Investors' set for the above and incorporated by reference herein, Ichiro and Yuriko have lost the love, affection, security, companionship, comfort, and support of their son, Ryoichi.

## (PUNITIVE DAMAGES)

55. Plaintiffs repeat and reallege the allegations set forth in the above paragraphs as though fully set forth herein.

56. Defendant Hasegawa, Defendant Four Seasons and/or Defendant Hualalai Investors acted with a heedless, reckless, and/or negligent disregard of the right and safety of Ryoichi and

was singly and collectively the proximate and legal cause of the occurrence in question and the resulting injuries and damages to Ryoichi, Ichiro, and Yuriko.

57. As a direct, proximate, and legal result of the negligence, gross negligence, careless and/or reckless conduct, actions, and omission of Defendant Hasegawa, Defendant Four Seasons and/or Defendant Hualalai Investors, Ryoichi suffered severe permanent physical injuries, pain and suffering, serious emotional distress, and a loss of enjoyment of life.

58. As a further direct, proximate and legal result of the negligence, gross negligence, careless and/or reckless conduct, actions, and/or omissions of Defendant Hasegawa, Defendant Four Seasons and/or Defendant Hualalai Investors Ryoichi has incurred and will continue to incur significant medical expenses and other expenses.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray that judgment be entered in its favor against all Defendants as follows:

A. General and special damages in amounts as will be proven at trial.

B. Prejudgment interest from the date of the incident;

C.  Punitive damages;

D.  Post-judgment interest;

D.  Attorney's fees and costs of suit; and

E.  Other further relief as this Court deems just and property.

DATED:   Honolulu, Hawaii, December 2019.

                                             */s/ Andrew Daisuke Stewart*
                                      _____
                                        ANDREW DAISUKE STEWART
                                        SHOWA LAW OFFICE, LLLC

                                        Attorney for Plaintiffs
                                        ICHIRO ENOMOTO,
                                        in his individual capacity
                                        and as next of friend for
                                        RYOICHI ENOMOTO, a minor
                                        YURIKO ENOMOTO, in
                                        her individual capacity