IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ICHIRO ENOMOTO, et al.,  <br><br>        Plaintiffs,  <br><br>    vs.  <br><br>FOUR SEASONS HOTELS LIMITED, et al.,  <br><br>        Defendants. | CIVIL NO. 19-00652 JAO-WRP  <br><br>ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED WITHOUT PREJUDICE |

## ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED WITHOUT PREJUDICE

On December 6, 2019, Plaintiffs Ichiro Enomoto, in his individual capacity and as next of friend for Ryoichi Enomoto, a minor, and Yuriko Enomoto, in her individual capacity ("Plaintiffs"), filed a Complaint, ECF No. 1, asserting diversity jurisdiction as the basis for subject matter jurisdiction in this action. Compl. ¶ 8. "Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). The Court is presumed to lack subject-matter jurisdiction, and the plaintiffs bear the burden of establishing that subject-matter jurisdiction is proper. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). If the

Court lacks subject matter jurisdiction, an action must be dismissed. Fed. R. Civ. P. 12(h)(3).

Federal district courts have original jurisdiction over cases where the amount in controversy exceeds $75,000, exclusive of interest and costs, and where the matter in controversy is between citizens of different states. *See* 28 U.S.C. § 1332(a)(1). Complete diversity of citizenship requires that each of the plaintiffs be a citizen of a different state than each of the defendants. *See Williams v. United Airlines, Inc.*, 500 F.3d 1019, 1025 (9th Cir. 2007) (citing *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005)); *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). Diversity jurisdiction, however, "does not encompass foreign plaintiffs suing foreign defendants." *Faysound Ltd. v. United Coconut Chemicals, Inc.*, 878 F.2d 290, 294 (9th Cir. 1989) (citing *Cheng v. Boeing Co.*, 708 F.2d 1406, 1412 (9th Cir. 1983), *cert denied*, 464 U.S. 1017 (1983). Further, "the presence of citizen defendants d[oes] not preserve jurisdiction as to the alien." *Id.*

The Complaint asserts the amount in controversy is in excess of $75,000, Compl. ¶ 8; each plaintiff is "at all times relevant a citizen and resident of Japan," Compl. ¶¶ 1–3; Defendant Four Seasons Hotels Limited ("Four Seasons") is a "corporation incorporated under the laws of Canada," Defendant Hualalai Investors, LLC ("Hualalai Investors") is a "limited liability company organized

under the laws of the State of Delaware," and Defendant Matt Hasegawa ("Hasegawa") is a "resident of the County of Hawaii, State of Hawaii." Compl. ¶¶ 4–6.

Based on Plaintiffs' allegations, it appears that Plaintiffs, who are citizens of Japan, i.e., foreign plaintiffs, are suing another foreign citizen, Four Seasons, as Plaintiffs assert Four Seasons is incorporated in Canada. *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (It is well settled that a corporation is a citizen of "(1) the state where its principal place of business is located, and (2) the state in which it is incorporated." (citing 28 U.S.C. § 1332(c)(1))). Although Plaintiffs also assert that Four Seasons is "registered to do business in the State of Hawaiʻi," without more, that assertion does not establish that Hawaiʻi is the corporation's "principal place of business" or "nerve center," *Hertz Corp. v. Friend*, 559 U.S. 77, 98 (2010), i.e., "the place of actual direction, control, and coordination." *3123 SMB LLC v. Horn*, 880 F.3d 461, 471 (9th Cir. 2018) (quoting *Hertz*, 559 U.S. at 97).

Plaintiffs' Complaint is also deficient because it fails to identify the citizenship of Hualalai Investors, a limited liability company. The citizenship of an unincorporated association, such as a limited liability company, "can be determined only by reference to all of the entity's members," and not the laws under which it is organized or where it is registered to do business. *Kuntz v.*

*Lamar Corp.*, 385 F.3d 1177, 1182 (9th Cir. 2004) (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 196–97 (1990)).  Here, Plaintiffs fail to identify any of Hualalai Investors' members and their respective citizenships.

Plaintiffs' Complaint is further deficient because it does not assert the citizenship of Hasegawa; instead it merely asserts that Hasegawa is a "resident" of Hawaiʻi and an employee of one of the defendants.  "To be a citizen of a state, a natural person must first be a citizen of the United States." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (citing *Newman–Green, Inc. v. Alfonzo–Larrain*, 490 U.S. 826, 828 (1989)).  The natural person's "state citizenship is then determined by her state of domicile, not her state of residence[.]  A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." *Id.* (citing *Weible v. United States*, 244 F.2d 158, 163 (9th Cir. 1957)).

Absent the foregoing information, the Court is unable to ascertain whether diversity jurisdiction exists.  Accordingly, Plaintiffs are ORDERED TO SHOW CAUSE why this action should not be dismissed without prejudice for lack of subject matter jurisdiction.  Plaintiffs must file a response to this Order to Show Cause by **December 30, 2019**, providing complete information concerning the

citizenship of the named defendants.[1]  Failure to timely respond to this Order to Show Cause will result in a finding that Plaintiffs have failed to carry their burden of establishing subject matter jurisdiction and the Court will dismiss the action without prejudice.[2]

    IT IS SO ORDERED.

    DATED:  Honolulu, Hawai'i, December 13, 2019.



Jill A. Otake
United States District Judge

CV 19-00652 JAO-RWP; *Enomoto v. Four Seasons Hotels Limited, et al.*; ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED WITHOUT PREJUDICE

---

[1] If any of Hualalai Investors' members are themselves unincorporated associations, such as limited liability companies or limited partnerships, Plaintiffs shall additionally identify those entities' members and provide their citizenships.

[2] Plaintiffs are further reminded to comply with Local Rule 10.3 regarding mandatory chambers copies of various filed documents.