IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ICHIRO ENOMOTO, et al., | ) | CIVIL NO. 19-00652 JAO-WRP |
| | ) | |
| Plaintiffs, | ) | ORDER DISMISSING WITHOUT |
| | ) | PREJUDICE DEFENDANT FOUR |
| vs. | ) | SEASONS HOTELS LIMITED; ORDER |
| | ) | REQUIRING DEFENDANT HUALALAI |
| FOUR SEASONS HOTELS | ) | INVESTORS, LLC TO PROVIDE |
| LIMITED, et al., | ) | CERTAIN INFORMATION TO |
| | ) | PLAINTIFFS; AND SECOND ORDER |
| Defendants. | ) | TO SHOW CAUSE WHY THIS |
| | ) | ACTION SHOULD NOT BE |
| | ) | DISMISSED WITHOUT PREJUDICE |
| | ) | |

**ORDER DISMISSING WITHOUT PREJUDICE DEFENDANT FOUR SEASONS HOTELS LIMITED; ORDER REQUIRING DEFENDANT HUALALAI INVESTORS, LLC TO PROVIDE CERTAIN INFORMATION TO PLAINTIFFS; AND SECOND ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED WITHOUT PREJUDICE**

On December 6, 2019, Plaintiffs Ichiro Enomoto, in his individual capacity and as next of friend for Ryoichi Enomoto, a minor, and Yuriko Enomoto, in her individual capacity ("Plaintiffs"), filed a Complaint, ECF No. 1, asserting that they are all citizens of Japan, and that diversity jurisdiction is the basis for subject matter jurisdiction in this action. Compl. ¶¶ 1–3, 8. Because "[c]ourts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it," *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010), and because Plaintiffs bear the burden of establishing that subject matter

jurisdiction is proper, *see Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994), on December 13, 2019, the Court ordered Plaintiffs to show cause by December 30, 2019 why the Complaint should not be dismissed without prejudice, as Plaintiffs failed to adequately assert complete diversity of the parties. ECF No. 13 (Order to Show Cause). Plaintiffs timely responded on December 19, 2019. *See* ECF No. 15 (Resp.); ECF No. 16 (Supp. Resp.).

If the Court lacks subject matter jurisdiction, an action must be dismissed. *See* Fed. R. Civ. P. 12(h)(3). Federal district courts have original jurisdiction over cases where the amount in controversy exceeds $75,000, exclusive of interest and costs, and where the matter in controversy is between citizens of different states. *See* 28 U.S.C. § 1332(a)(1). Complete diversity of citizenship requires that each of the plaintiffs be a citizen of a different state than each of the defendants. *See Williams v. United Airlines, Inc.*, 500 F.3d 1019, 1025 (9th Cir. 2007) (citing *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005)); *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). Diversity jurisdiction, however, "does not encompass foreign plaintiffs suing foreign defendants." *Faysound Ltd. v. United Coconut Chemicals, Inc.*, 878 F.2d 290, 294 (9th Cir. 1989) (citing *Cheng v. Boeing Co.*, 708 F.2d 1406, 1412 (9th Cir. 1983), *cert denied*, 464 U.S. 1017 (1983). Additionally, "the presence of citizen defendants d[oes] not preserve jurisdiction as to the alien." *Id.* Further, a corporation "does

not lose its foreign citizenship" based upon its location of incorporation simply because its principal place of business in the United States." *Oteng v. Golden Star Resources, Ltd.*, 615 F. Supp. 2d 1228, 1234 (D. Colo. 2009) (citations omitted). In other words, both citizenships of a corporation must be considered when testing for complete diversity. *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (It is well settled that a corporation is a citizen of "(1) the state where its principal place of business is located, *and* (2) the state in which it is incorporated." (citing 28 U.S.C. § 1332(c)(1) (emphasis added))); *Nike, Inc. v. Comercial Iberica de Exclusivas Deportivas, S.A.*, 20 F.3d 987, 990–91 (9th Cir. 1994) ("[W]e cannot disregard *either* [the corporation's] site of incorporation, Bermuda, or its principal place of business, which [is alleged to be] Oregon, when testing for complete diversity." (footnote omitted) (emphasis added)).

In the Order to Show Cause, the Court observed that although the Complaint asserts the amount in controversy is in excess of $75,000, it fails to adequately allege that there is complete diversity of citizenship between the parties because Plaintiffs, citizens of Japan: (1) assert Defendant Four Seasons Hotels Limited ("Four Seasons") also has alien citizenship as it is a "corporation incorporated under the laws of Canada"; (2) fail to identify the citizenship of each of the members of Defendant Hualalai Investors, LLC ("Hualalai Investors"); and (3) fail to identify the citizenship of Defendant Matt Hasegawa ("Hasegawa").

3

In Plaintiffs' Response and Supplemental Response to the Order to Show Cause, Plaintiffs (1) state that "Four Seasons' principal [sic] of business is in Canada and the United States," ECF No. 15-1 ¶ 7, (2) represent that the sole member of Hualalai Investors is a Delaware LLC named Hualalai Investors Mezz, LLC, and that no further information regarding the members of Hualalai Investors Mezz, LLC is publicly available, ECF No. 16-1 ¶¶; and (3) assert that Hasegawa is a "citizen of the United States." ECF No. 15-1 ¶ 10. For the following reasons, these responses do not cure the issues first identified by the Court in the Order to Show Cause.

First, Plaintiffs fail to demonstrate diversity jurisdiction as to Four Seasons, which is incorporated in Canada. Although Plaintiffs add that Four Seasons has a principal place of business in the United States (as well as Canada), its Canadian citizenship cannot be ignored when testing for diversity. *See Nike*, 20 F.3d 987, 990–91. Accordingly, because both Plaintiffs and Four Seasons are alien citizens and complete diversity is lacking, Defendant Four Seasons is **DISMISSED WITHOUT PREJUDICE**.

Second, the Court notes Hualalai Investors was served with the Complaint on December 10, 2019, and it therefore must answer or otherwise respond to the Complaint by December 31, 2019. *See* ECF No. 13; Fed. R. Civ. P 12(a). In order to facilitate the jurisdictional analysis here, the Court **ORDERS** Defendant

4

Hualalai Investors to provide to Plaintiffs complete information concerning the citizenship(s) of its sole member, Hualalai Investors Mezz, LLC, by **January 7, 2020**.[1] Upon receiving this information, Plaintiffs are **ORDERED TO SHOW CAUSE** by **January 14, 2020** why this action should not be dismissed without prejudice as to Hualalai Investors for lack of subject matter jurisdiction for the reasons identified in the Order to Show Cause.

As to Hasegawa, Plaintiffs assert that in addition to being a "resident of the County of Hawaii, State of Hawaii," Hasegawa is a "citizen of the United States." ECF No. 15-1 ¶¶ 10–11. It is well settled that "the diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of [state] citizenship, not of residency." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Plaintiffs' added information regarding Hasegawa's nationality does not demonstrate that Hasegawa is *domiciled* in *any* state of the United States. Indeed, "[a] person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." *Id.* (citing *Weible v. United States*, 244 F.2d 158, 163 (9th Cir. 1957)); *see also Frett-Smith v. Vanterpool*, 511 F.3d 396, 400 (9th Cir. 2008) ("[I]f [the party] was *domiciled* abroad at the time [the] Complaint was filed, she would not be a citizen

---

[1] If any of Hualalai Investors Mezz, LLC's members are themselves unincorporated associations, such as limited liability companies or limited partnerships, Hualalai Investors shall additionally identify those entities' members and provide their citizenships.

of any state and diversity jurisdiction . . . would also fail." (emphasis added)). Absent the foregoing information, the Court is unable to ascertain whether diversity jurisdiction exists as to Hasegawa. Accordingly, Plaintiffs are **ORDERED TO SHOW CAUSE** by **January 14, 2020** why this action should not be dismissed without prejudice as to Hasegawa for lack of subject matter jurisdiction.

Failure to timely respond to this Order to Show Cause will result in a finding that Plaintiffs have failed to carry their burden of establishing subject matter jurisdiction and the Court will dismiss the action without prejudice.[2]

IT IS SO ORDERED.

DATED: Honolulu, Hawaiʻi, December 27, 2019.

Jill A. Otake
United States District Judge

CV 19-00652 JAO-RWP; *Enomoto v. Four Seasons Hotels Limited, et al.*; ORDER DISMISSING WITHOUT PREJUDICE DEFENDANT FOUR SEASONS HOTELS LIMITED; ORDER REQUIRING DEFENDANT HUALALAI INVESTORS, LLC TO PROVIDE CERTAIN INFORMATION TO PLAINTIFFS; AND SECOND ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED WITHOUT PREJUDICE

---

[2] Plaintiffs are again reminded to comply with Local Rule 10.3 regarding mandatory chambers copies of various filed documents.